UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN DUHON,

    Plaintiff,

v.                                 Case No:   6:13-cv-1235-Orl-22TBS

ICOVER LLC and SHALOM S. DAHAN,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Second Joint Motion for Approval of Settlement (Doc. 19). The settlement resolves all of Plaintiff's claims against Defendants under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. I have examined the motion and the settlement agreement, and for the following reasons respectfully recommend the Court **DENY** the parties' motion and **REJECT** their settlement agreement.

### I.    Background

Plaintiff Steve Duhon filed this action for unpaid overtime damages against Defendants ICover LLC and Shalom S. Dahan on August 12, 2013. (Doc. 1). Defendants employed Plaintiff as a phone technician and salesman from November 2012 through July 2013. (Doc. 15). Plaintiff claims that Defendants did not pay him overtime wages for all hours worked in excess of forty hours per week. (Doc. 1). His responses to the Court's Interrogatories do not state how much he believes Defendants owe him. (Doc. 15). Defendants deny that they employed Plaintiff and they deny any wrongdoing under the FLSA. (Doc. 15).

On December 30, 2013, the parties advised the Court that they had fully settled Plaintiff's claims. (Doc. 16). They filed their first motion for approval of the settlement agreement on January 20, 2014. (Doc. 17). The parties' settlement agreement provided that Defendants would pay Plaintiff $1,500 as damages and $3,000 as attorney's fees. After reviewing the settlement agreement, I determined that it should not be approved as written because it made no mention of liquidated damages, contained a pervasive release, and contained inappropriate non-disparagement and non-disclosure clauses. (Doc. 19). I outlined my concerns to the parties and gave them until February 4, 2014 to file a revised settlement agreement. (Id.).

The parties filed their second motion and revised settlement agreement on February 3, 2014. (Doc. 19). The revised agreement states that the $1,500 figure mentioned in the first agreement accounts for both actual and liquidated damages. The parties have not offered any explanation for this change.

Paragraph 5 of the current version of the settlement agreement limits the release to claims brought under the FLSA. But, in sub-paragraph 5.a, Plaintiff releases Defendants from any claims which could have been asserted in this lawsuit, including claims for personal injury, intentional or negligent infliction of emotional distress, medical expenses, or damages of any other kind. (Doc. 19-1, ¶ 5.a).

The parties have replaced the non-disparagement and non-disclosure provision with a non-defamation provision, which provides only that Plaintiff will not defame Defendants.

II.  Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and

waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to the district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. The policy behind the FLSA, what is and what is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). With these decisions in mind, I have reviewed the terms of the parties' motion and settlement agreement and have concluded the Court should deny the Second Joint Motion for Approval of Settlement.

To reach its decision, the Court must first decide whether the revised settlement agreement is fair and reasonable.   If the Court finds that the revised agreement is fair, then it must consider whether the agreement otherwise "impermissibly frustrates implementation of the FLSA (factors "external" to the compromise).   Dees, 706 F. Supp. 2d at 1241.

A plaintiff is entitled to liquidated damages under the FLSA and cannot waive or release his right to these damages. 29 U.S.C. § 216(b); Dees, 706 F. Supp. 2d at 1233-34. The general rule is that "the FLSA's provisions are mandatory" and that an employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011). However, the Eleventh Circuit permits a plaintiff to compromise an FLSA claim "if the district court determines that the compromise is a fair and reasonable resolution of a bona fide dispute[.]" Dees, 706 F. Supp. 2d at 1236 (internal quotations omitted).

The parties' original motion to approve settlement agreement states that the $1,500 represents "payment for all overtime work allegedly performed as well as compensation for additional unpaid wages." (Doc. 17, ¶ 5). Thus, it appears the parties agreed Plaintiff was due $1,500 in actual damages. To now say that the $1,500 includes liquidated damages appears disingenuous in light of the first-filed motion. For this reason, I cannot recommend the Court find the parties' compromise to be "fair and reasonable." See e.g. Goldsby v. Renosol Seating, LLC, 294 F.R.D. 649, 654 (S.D. Ala. 2013) (finding that the Court could not determine whether the settlement agreement was fair and reasonable when agreement provided only for an amount of "Total Damages," and did not break down amount into liquidated damages, unpaid wages, and overtime wages). Absent a full explanation, I recommend the Court reject the parties' settlement, because it appears Plaintiff is not receiving liquidated damages to which he is entitled.

Next, the parties have not explained why, after the release in paragraph 5 of their settlement agreement, they added sub-paragraph 5.a. If they are attempting to expand

the scope of the release, that is improper.   Regardless, sub-paragraph 5.a creates ambiguity in the settlement agreement and therefore, I recommend the Court reject it.

Accordingly, I respectfully recommend the Court:

(1) **DENY** the parties Second Joint Motion for Approval of Settlement (Doc. 19); and

(2) **REJECT** the parties' settlement agreement.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on February 11, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record