UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN DUHON,

    Plaintiff,

v.                                          Case No:   6:13-cv-1235-Orl-22TBS

ICOVER LLC and SHALOM S. DAHAN,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq., to recover unpaid overtime wages. (Doc. 1). Twice before, the parties have asked the Court to approve their settlement (Docs. 17, 19) and both times, the Court has denied the motion (Docs. 18, 21). Pending before the Court is the parties' Third Motion to Approve Settlement. (Doc. 24). I have examined the motion and the parties' Settlement Agreement ("Agreement"), and for the following reasons respectfully recommend the Court **grant** the motion and **approve** the Agreement.

I.       **Background**[1]

Defendants ICover LLC and Shalom S. Dahan employed Plaintiff Steve Duhon as a phone technician and salesman from November 2012 through July 2013. (Doc. 15). Plaintiff alleges that Defendants did not pay him overtime wages for all hours worked in excess of forty hours per week. (Doc. 1). His responses to the Court's interrogatories

---

[1] Unless another source is indicated, all facts are taken from the parties Third Motion to Approve Settlement (Doc. 24).

do not state how much he believes Defendants owe him.   (Doc. 15).   Defendants both deny that they employed Plaintiff, and that they did not properly pay him for his work.

According to the parties, the total amount of Plaintiff's actual damages is difficult to calculate because Defendants kept handwritten notes to keep track of their payroll.   They paid Plaintiff twice a month rather than biweekly, and they deducted wages from Plaintiff for purchases of store merchandise, repayment of advanced wages, and alleged theft of merchandise by Plaintiff.   The parties aver that Defendants' bimonthly pay practice created issues in calculating which paychecks were for which weeks of work.   They also say the records based on handwritten notes regarding deductions were incomplete, which made it difficult to discern the weeks in which deductions were taken.   Lastly, Plaintiff claimed he had performed prep work prior to opening and cleaning after closing, but was only allowed by Defendants to write down hours on his time sheets for when the store was open to the public.

Using the information available, Plaintiff's counsel calculated that Plaintiff earned a documented total amount of $9,474, but was only paid a documented $8,794 while employed by Defendants.   The parties agreed that this resulted in a total of $680 in documented unpaid overtime owed to Plaintiff.   For each time the Plaintiff opened and closed the Defendants' store without help from coworkers an additional 15 minutes were added, resulting in an additional $515 of off the clock work.   Defendants deny that Plaintiff worked off the clock and state that they can produce witnesses who will testify to that fact.   Defendants also believe their handwritten notes show that they overpaid the Plaintiff for his work because he was advanced wages and merchandise, then paid a second time for the same work.   Thus, a bona fide dispute exists between the parties.

Under the terms of the Agreement, Defendants will pay Plaintiff $680 for unpaid overtime; $680 for liquidated damages; $140 for off the clock work; and $3,000 in attorney's fees and costs. Defendants will pay Plaintiff in installments, with Plaintiff receiving payment in full before his attorney is paid.

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to the district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. The policy behind the FLSA, what is and what is not permissible in the settlement of an FLSA claim, and the Court's role in determining the fairness of a compromise and settlement of an FLSA claim are discussed at length in Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Moreno v.

Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).   With these decisions in mind, I have reviewed the terms of the parties' Agreement and have concluded the Court should approve it.

To reach its decision, the Court must first decide whether the Agreement is fair and reasonable.   If the Court finds that the Agreement is fair, then it must consider whether the Agreement otherwise "impermissibly frustrates implementation of the FLSA (factors "external" to the compromise).   Dees, 706 F. Supp. 2d at 1241.   All parties are represented by counsel and that they have made a "full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of [Plaintiffs'] claim."   Id. at 1243.   They also agree that this settlement is a fair and reasonable compromise, and, because Defendant continues to dispute Plaintiffs' claims under the FLSA, Plaintiff's probability of success on the merits is uncertain.   Based upon the parties' explanation of the difficulties presented in this case, I find that the monetary terms of their Agreement are fair and reasonable.

The Agreement contains a release that is limited to only those claims arising under the FLSA.   Accordingly, I find that the Agreement does not confer an "uncompensated, unevaluated, and unfair benefit on the employer," and is a fair compromise.   See Moreno, 729 F. Supp. 2d at 1351-52.

The parties agree that the $3,000 fee to Plaintiff's attorney was negotiated separately from Plaintiffs' recovery, and without regard to the amount of Plaintiff's settlement.   This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

Upon consideration of the foregoing, I find the parties' Agreement to be a fair and reasonable resolution of a bona fide dispute and **respectfully recommend** that the Court:

1. **GRANT** the parties' Third Motion to Approve Settlement (Doc. 24);
2. **APPROVE** the parties' Settlement Agreement (Doc. 24-1);
3. **DISMISS** this action with prejudice; and
4. **DIRECT** the Clerk to terminate all pending motions and close the file

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on March 14, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record